IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| CARDINAL GROUP MANAGEMENT, *et al*,<br><br>    Plaintiffs,<br><br>v.<br><br>AHMAL COAXUM, *and all others*,<br><br>    Defendants.[1] | CIVIL ACTION FILE NO.<br><br>1:18-cv-3320-LMM-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Ahmal Coaxum's motion for leave to proceed *in forma pauperis* ("IFP") on his renewed notice of removal of a state dispossessory action to this Court.  [Doc. 1.]  After considering Coaxum's application, I **GRANT** the request to proceed IFP pursuant to 28 U.S.C. § 1915(a)

---

[1] Although Defendant Ahmal Coaxum styles himself plaintiff, it is clear that the action he seeks to remove is a dispossessory proceeding in which he is the defendant.  *Compare* Doc. 1-1 at 2 (identifying the case presently being removed as Magistrate Court of Fulton County Case No. 18ED078443), *with Cardinal Group Mgmt v. Coaxum*, Case No. 1:18-cv-2928-LMM (N.D.Ga. 2018) at Doc. 1-1 at 21-22 (dispossessory papers in Magistrate Court of Fulton County Case No. 18ED078443, in which Coaxum is a defendant).

for the limited purpose of remand.  Because this Court does not have subject matter jurisdiction over the removal action, I further **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

In the underlying dispossessory action, filed on May 31, 2018, Plaintiffs Cardinal Group Management and Westmar Student Lofts alleged that Defendants failed to pay past due rent, and demanded possession of the premises, approximately $2200 in past due rent and fees, and accruing rent.  *See Cardinal Group Mgmt v. Coaxum*, Case No. 1:18-cv-2928-LMM (N.D.Ga. 2018) at Doc. 1-1 at 21-22.  Coaxum previously attempted to remove the state action to this Court. *Id.* at Doc. 1.  The action was ordered remanded to the Magistrate Court of Fulton County for want of jurisdiction, and Plaintiff's application to appeal that order IFP to the Eleventh Circuit has been denied.  *Id.* at Docs. 3, 5, 11.  Plaintiff now seeks to remove the action again, apparently on the basis of counterclaims he seeks to assert against Plaintiffs and others [*see* Doc. 1-1 at 1-2] and/or because the Fulton County Magistrate Court is somehow without jurisdiction over the dispossessory action [*id.* at 10-13].

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

2

defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. *See Cardinal Group Mgmt*, Case No. 1:18-cv-2928-LMM at Doc. 1-1 at 21-22. As previously explained to Coaxum, counterclaims— even those based on violations of federal statutes or his constitutional rights—do not confer federal question jurisdiction over the action. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Accordingly, the Court **GRANTS** Coaxum's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 13th day of July, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge